PROB 12C
(Rev.2011)

# United States District Court
for
Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. **61** ]

Name of Offender: <u>Glenn M. Little, Sr.</u>  Case Number: <u>3:09-00263</u>

Name of Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>June 28, 2010</u>

Original Offense: <u>18 U.S.C § 2252A(a)(2)(A) Receipt of Child Pornography (2 counts) and 18 U.S. C. § 2252A(a)(5)(B) Possession of Child Pornography</u>

Original Sentence: <u>60 months' custody and 5 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>February 14, 2014</u>

Assistant U.S. Attorney: <u>Sandra Moses</u>  Defense Attorney: <u>Michael Holley</u>

---

### PETITIONING THE COURT

    ___ To issue a Summons
    ___ To issue a Warrant
    **X** To Consider Additional Violations / Information

---

### THE COURT ORDERS:
☒ Consideration of Additional Violations / Information *at July 25, 2014 hearing.*
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this _4th_ day of _June_, 2014
and made a part of the records in the above case.

_____
Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_____
Donna Jackson
Intensive Supervision Specialist

Place  <u>Nashville, TN</u>

Date  <u>June 3, 2014</u>

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. <u>61</u>, has been amended as follows:

**Violation No. 1 - has been amended to include the disposition of the state charge.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1.    **The Defendant shall not commit another federal, state or local crime**.

Mr. Little was arrested by the Nashville Metropolitan Police Department on April 3, 2014, and charged with Sex Offender Registration Violation - 1st Offense. Mr. Glenn Little is a registered sexual offender in Nashville, Tennessee. He is required to report annually each year on his birthday (i.e. as early as seven days before and no later than seven days after his birthday). Mr. Little's date of birth is March 25, 1946. Mr. Little failed to timely report for his 2014 annual reporting, a Class E Felony.

Mr. Little pled guilty on April 14, 2014, to a lesser charge of Sex Offender Registration Violation, Misdemeanor. He received a sentence of 11 months' and 29 days' suspended and was placed on probation.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Little began his term of supervised release on February 20, 2104, and he is currently scheduled to terminate supervision on February 19, 2019. Mr. Little has been living at an extended stay motel since his release on supervision. Mr. Little was referred for sex offender specific treatment and assessed by Dr. Moore with Moore Psychology Services on March 17, 2014. Sex offender specific treatment was recommended by Dr. Moore. Mr. Little is currently enrolled in treatment.

**Update of Offender Characteristics:**

There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**

Mr. Little is scheduled for a hearing before Your Honor on July 25, 2014, and it is recommended that this additional information be considered at that hearing.

The U.S. Attorney's Office concurs with the probation officer's recommendation.

Approved: _/s/_____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. GLENN M. LITTLE, SR., CASE NO. 3:09-00263

GRADE OF VIOLATION:      C
CRIMINAL HISTORY:        I

ORIGINAL OFFENSE DATE:       Post April 30, 2003    Protect Act Provisions

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 Years (Class C Felony)<br>18 U.S.C. § 3583(e)(3) | 3-9 months<br>U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 5 years to life<br>18 U.S.C. 3583(h) | 5 years to life<br>U.S.S.G. § 5D1.2(b)(2) | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4(term of imprisonment) is more than one month but not more than six months, the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that includes a term of confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term, U.S.S.G. § 7B1.3(c)(1).

Respectfully Submitted,

Donna Jackson
Intensive Supervision Specialist

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Glenn M Little, Sr.

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:09CR00263 - 1

3. **District/Office** Middle District of Tennessee/ Nashville

4. **Original Sentence Date** 06 / 28 / 2010
                                month   day   year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Defendant shall not commit another federal, state or local crime. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    C

9. **Criminal History Category** *(see §7B1.4(a))*    I

10. **Range of Imprisonment** *(see §7B1.4(a))*    3 - 9 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Glenn M Little, Sr.

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($)     _____    Home Detention         _____

    Other       _____    Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment (see §7B1.3(e)):** _____ months _____ days